IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-03303-PAB-NRN

AMBER STROUGH, individually, as next friend of R.S., and as Personal
Representative of Macayla Razes, deceased,
R.S., a minor, by and through his grandmother and next friend, Amber Strough, and
MADISON STROUGH, a citizen of Colorado,

     Plaintiffs,

v.

GENERAL MOTORS LLC, a Delaware limited liability company, and
TRW VEHICLE SAFETY SYSTEMS INC., a Delaware corporation,

     Defendants.

---

**ORDER**

---

This matter is before the Court on Plaintiffs' Unopposed Motion to Approve

Settlement and to Extend Deadline for Filing of Final Dismissal Papers Until After

Approval and Payment of the Settlement [Docket No. 86].  On June 17, 2020, the Court

granted plaintiffs' motion to the extent it sought an extension of time to file dismissal

papers in this case, staying the parties' deadline until further order of the Court.  Docket

No. 90.  The Court now addresses the portion of plaintiffs' motion seeking the Court's

approval of the parties' settlement in this case.

     This is a product liability and wrongful death action arising out of an automobile

accident occurring on or about December 23, 2016 in Logan County, Colorado.  Docket

No. 74 at 1, ¶ 1.  Plaintiffs indicate that they have reached a settlement with defendants

to resolve all claims in this matter.  Docket No. 86 at 2; *see also* Docket No. 87 at 9

("The Plaintiffs and Defendants have agreed to the proposed settlement and all Plaintiffs and their representatives have agreed to the allocation and distribution plan proposed here.").  Plaintiffs state that, "[b]ecause one of the beneficiaries of the settlement (Plaintiff, R.S.) is a minor, and because the settlement must be apportioned among multiple claimants, the Plaintiffs respectfully request that the Court consider the reasonableness of the settlement and proposed allocation presented in the memorandum accompanying this Motion [Docket No. 87], and approve both based on the circumstances described therein."  Docket No. 86 at 2.

"[I]t is not beyond cavil that the court must approve the settlement simply because it involves a minor." *Buchannan for T.B. v. Diversified Consultants, Inc.*, No. 12-cv-02410-REB-KMT, 2014 WL 3907834, at *2 (D. Colo. May 8, 2014).  While Colorado Rule of Probate Procedure 62 provides guidelines for approving a settlement involving a minor, *see* C.R.R.P. 62, the Colorado Rules of Probate Procedure apply only "in the probate court for the city and county of Denver and district courts when sitting in probate."  C.R.P.P. 1(a).  "Moreover, the Court is loathe to endorse any rule 'which compels a court to go through the tedium and expense of determining rights as to which the parties themselves are in agreement.'" *Rawson v. Valdez*, No. 15-cv-02239-WJM-CBS, 2016 WL 8314685, at *1 (D. Colo. July 14, 2016) (quoting *Carter Coal Co. v. Litz*, 54 F. Supp. 115, 134 (W.D. Va. 1943)).  "Based on extra-circuit authority, however, judges in this District have agreed to approve settlements on behalf of minors." *Id.*  However, the Court's review is "fairly limited" – "[a]t most, the Court is 'charged with the duty of seeing that [minors] are properly represented and that their

interests have not been sacrificed and that the agreement is to their advantage.'" *Id.*
(quoting *Carter Coal*, 54 F. Supp. at 134).

Plaintiffs have not submitted the parties' proposed settlement to the Court, but
have provided the proposed allocation of settlement proceeds, *see* Docket No. 87-1,
and have otherwise provided sufficient details of the parties' proposed settlement.  The
Court will accept counsel's word, as officers of the Court, that the statements made in
plaintiffs' supporting memorandum [Docket No. 87] are accurate representations of the
parties' proposed settlement agreement.  *See Rawson*, 2016 WL 8314685, at *1.
Having reviewed the settlement terms set forth in plaintiffs' supporting memorandum,
the Court finds that the proposed settlement terms are fair to R.S.  Upon consideration
of the circumstances of this case, including the available evidence and plaintiffs'
counsel's evaluation of the case, the Court concludes that the settlement amount is a
fair amount for plaintiffs, with R.S. set to receive the bulk of the settlement proceeds.
Docket No. 87 at 3.  Plaintiffs have proposed that the settlement proceeds allocated to
R.S. be in the form of a structured settlement annuity and be paid to R.S. in four lump
sums once R.S. reaches the age of eighteen.[1]  *Id.* at 8-9.  R.S.'s next friend, Amber
Strough, believes that the settlement is in the best interest of R.S.  Docket No. 87-4 at
4, ¶ 7.  In addition, the Court finds that the costs accounted for are reasonable, and

---

[1] The Court construes plaintiffs' memorandum as indicating that defendants will
buy the annuity now, or give plaintiffs funds to buy the annuity now, with payments to
R.S. being made at a later date, and construes plaintiffs' request that the Court extend
the parties' deadline to file dismissal papers "until . . . the settlement has been fully
funded and all settlement funds paid," *see* Docket No. 86 at 1, as a request that the
parties' deadline be extended until after the annuity is fully funded, rather than a
request that the deadline be extended until R.S. has been fully paid his proceeds from
the settlement.

notes that plaintiffs' counsel have significantly reduced their contingent fee in this matter.  *See* Docket No. 87 at 6-7.  The Court finds that R.S.'s interests have been protected and that the proposed settlement terms are to his benefit.

For these reasons, it is

**ORDERED** that Plaintiffs' Unopposed Motion to Approve Settlement and to Extend Deadline for Filing of Final Dismissal Papers Until After Approval and Payment of the Settlement [Docket No. 86] is **GRANTED**.  It is further

**ORDERED** that the settlement and allocation of proceeds are approved.  It is further

**ORDERED** that, on or before August 30, 2020, the parties shall either file dismissal papers or a status report indicating whether the settlement annuity has been fully funded, and if not, detailing the parties' plan to ensure the expeditious full funding of the settlement annuity.

DATED July 14, 2020.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge